LORRAINE MANUFACTURING COMPANY *vs.* ANNIE WILSON.

NOVEMBER 28, 1947.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

Flynn, C. J. This proceeding is before us on the employee's appeal from a decree of the superior court dismissing her appeal from a decision of the director of labor upon the employer's petition for review of a preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300.

The employee, Annie Wilson, was injured on March 1, 1945, by accident arising out of and in the course of her employment with the Lorraine Manufacturing Company. A preliminary agreement providing for payment of compensation at the rate of $15.10 per week during the employee's total incapacity was entered into by the parties and was approved by the director of labor on April 3, 1945. Compensation was paid accordingly and the employer subsequently, on November 7, 1946, filed a petition for review of said agreement. A hearing was held thereon in the department of labor on December 11, 1946, at which the employee apparently conducted her own defense. On January 30, 1947 the director of labor rendered a decision which in substance found that she was able to perform her usual work, and among other orders authorized the employer to suspend compensation payments if she was offered an opportunity to return to her former work and did not accept such offer within fifteen days.

Within the time provided by the act for taking an appeal the following letter, written upon the stationery of the "Textile Workers Union of America", was filed with the director of labor:

"February 7th, 1947

Mr William L Connelly
Director of Labor
Department of Labor
Providence Rhode Island

Lorraine Manufacturing Company
vs.
Re: Annie Wilson
Case No. - WCA 7353

Dear Sir:—

The above named claimant wishes to appeal the decision handed down by the Department of Labor January 30th, 1947.

This claimant wishes to appeal the decision as she has never been examined by an impartial physician, or by a neutral physician employed by the Department of Labor. Neither has she been X-rayed by an impartial or neutral physician. She has received all of her treatment either by doctors employed by the firm or the Insurance company.

Very truly yours,
(signed) Paul E Moe
JM.
Paul E Moe
PEM/jm Business Agent"

Pursuant to that letter the papers in the case were certified, as in appeals under the act, by the director of labor to the superior court. On May 6, 1947 the employer filed a motion to quash the purported appeal on the ground that it was not claimed by an aggrieved person. On May 9, 1947 an appearance for the employee was entered in that court by Jacob Goodman and Gerald A. Oster, attorneys at law, and on June 6, 1947 a hearing was held on the employer's motion to quash such appeal. On June 23, 1947, a decree was entered in the superior court dismissing such appeal; and on June 25, 1947 the employee duly filed her claim of appeal from that decree, which appeal is now before this court.

The employee contends that the appeal, though irregular in form, should be liberally construed in accordance with

the benevolent purpose of the act and that, if so viewed, it is sufficient to satisfy the requirements thereof as to filing a claim of appeal. She argues in substance that it was her claim of appeal and that it was filed by Mr. Moe as her authorized agent. The employer contends (1) that Paul E. Moe, the signer of that letter, having no interest in contemplation of law, was not an aggrieved person entitled to take such an appeal; (2) that nothing in the record shows that he acted as the authorized agent of the employee, as she contends; (3) that Mr. Moe's action was unlawful, being in violation of G. L. 1938, chap. 612, §43, because he is not an attorney at law, and therefore the appeal should be held to be void and of no effect; and (4) that financial and other prejudice will result to the employer, contrary to the employee's contention, if the appeal is entertained at this date.

The only provision in the workmen's compensation act relating to the filing and claiming of such an appeal is found in G. L. 1938, chap. 300, art. III, §4, as amended, which reads in part: "Any person aggrieved by any decision or order of the director of labor may appeal therefrom to the superior court by filing in the office of the director of labor, within 10 days of the notice of the entry of any such decision or order, a claim of appeal which shall explicitly set forth the reasons therefor."

Clearly the time within which the claim of appeal must be taken is definite and leaves nothing for construction. However, no specific form or manner of filing an appeal is prescribed therein. In the present state of the law, therefore, substantial compliance with the pertinent provision would be sufficient to perfect an appeal.

It is not contended by the employee that Mr. Moe had such an actual or practical interest as would justify his right to personally claim an appeal under the act. She contends that he acted in fact as her authorized agent in filing her appeal. The body and substance of the letter clearly identify the case by title and number, and the

decision from which an appeal was desired is specifically described. It also shows that Annie Wilson, the employee, was a party to that case; that she was the aggrieved person who thereby wished to claim an appeal; and that it was filed in time.

This statement is given additional significance when considered with the following facts in the travel of the case as they appear of record. The employee acted *pro se* at the original hearing in the department of labor upon the employer's petition to review the preliminary compensation agreement; the written decision of the director of labor was mailed to her personally; at the end thereof appears in capital letters the following notice: "Appeal From This Decision Must Be Filed Within Ten Days From Date Hereof"; and the letter in question, expressing her wish to claim such appeal, was filed within ten days from the date of the decision.

█ Whether Mr. Moe was a mere intermeddler or was authorized by the employee to file her appeal should not be confined to a consideration merely of the signature. When the substance of the letter and all the other facts are considered together, we are of the opinion that the writing in question represented a substantial compliance with the jurisdictional requirements for the taking of an appeal under the act. Had the employee herself signed that letter there would be no question of its sufficiency for such purpose. It may be that the signature, considered by itself, does not convey the thought that Mr. Moe was filing the claim of appeal as the authorized agent of the employee. But in our judgment the substance of the letter in the light of other facts in the travel of the case leads more reasonably to the conclusion that the employee wanted to appeal and was thereby claiming an appeal under the act.

We do not find that the evidence as a whole, directly or indirectly, requires the conclusion that Mr. Moe filed the letter independently and without the knowledge and au-

thorization of the employee. On the contrary all the facts, apart from the signature, indicate that he could not have known about the decision, or the employee's desire to claim an appeal therefrom, without receiving some message from her. From all the evidence, therefore, we think it may fairly be inferred that the appeal was intended to be filed by the employee through Mr. Moe as an authorized agent in fact, and that such appeal substantially complied with the jurisdictional requirements of the act.

 That conclusion, however, brings up the next question urged by the employer. It is argued on its behalf that Mr. Moe is not an attorney at law; that his action, in view of G. L. 1938, chap. 612, §43, was unlawful; and that the appeal thereby was rendered void and ineffective. So far as Mr. Moe personally is concerned, his action in our opinion was contrary to the provisions of such section. We find nothing, however, in that statute or in the workmen's compensation act to require us also to conclude that the appeal, otherwise valid under the workmen's compensation act, was thereby rendered null and void. The employer has cited no authority for the extreme position that the penalty for the violation of such statute should be charged against an innocent person who happened to be an aggrieved party having certain rights under the workmen's compensation act. To penalize such an innocent aggrieved person for the unlawful action of another in violation of a different statute would amount to judicial extension of the language of either or both of the statutes in question.

On the record here we have no reason to believe that Mr. Moe's action was taken otherwise than in good faith, though in ignorance of the requirements of law and not for the best interests of the employee. In our opinion it is sufficient for our purpose here to point out the unlawfulness and danger of such action so that Mr. Moe and all persons seeking in the future to assist employees under the act will carefully avoid bringing themselves into conflict with the provisions of G. L. 1938, chap. 612, §43.

So far as the financial or other prejudice to the employer is concerned, it is sufficient to note that such prejudice, if any, will come in effect from the provisions of law, the travel of the case, and the action or inaction of the parties, rather than from a decision holding that the appeal in question substantially complied with the jurisdictional requirements of the workmen's compensation act.

The appeal of the respondent employee is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Sisson, Fletcher, Worrell & Hodge, Lee A. Worrell,* for *petitioner.*

*Gerald A. Oster,* for respondent.